UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 10-CR-163

BERNABE J NUNEZ-GUZMAN,

        Defendant.

**ORDER OVERRULING OBJECTION AND ADOPTING
MAGISTRATE JUDGE'S RECOMMENDATION**

On February 16, 2011, Magistrate Judge Aaron E. Goodstein issued a Recommendation and Order on the defendants' pretrial motions. No defendant filed an objection within the time allowed by rule or the magistrate's order. On April 7, 2011, the Court adopted the Recommendation, except as to motions filed by Defendant Bernabe Nunez-Guzman, who had obtained new counsel during the time period for filing objections. Nunez-Guzman has since filed objections which the Court has considered and now rejects.

Nunez-Guzman first objects to the denial of his motions to suppress evidence seized during the search of the Howard Street residence and Mi Casa Restaurant, which were both searched under authority of federal search warrants. Magistrate Judge Goodstein concluded that the affidavit supporting the warrant for the Howard Street residence was supported by probable cause. Although he found that the warrant supporting the search of the Mi Casa Restaurant was lacking in probable cause, he concluded that it was not so lacking as to demonstrate that the officers executing the warrant were not relying on it in good faith. He therefore concluded that the motion should

nevertheless be denied under the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984).

The Court has reviewed and hereby adopts Magistrate Judge Goodstein's recommendation. The affidavit supporting the search of the Howard Street residence provides a substantial basis for the issuing judge's determination of probable cause. According to Department of Transportation ("DOT") records, the Howard Street property was the residence of Defendant Nunez-Guzman. Moreover surveillance had observed a vehicle registered to Nunez Group, an entity operated by the defendant, traveling between one of the harvesting centers for the major grow operation and the Howard Street residence. Finally, Nunez-Guzman was identified by confidential informants as the leader and manager of the entire operation of which they were a part. This evidence, combined with the training and experience of the agent, as recited in the warrant, was sufficient to provide a substantial basis for believing that the residence contained contraband. More specifically, the agents testified that, based upon their training and experience, leaders of major drug operations frequently kept records, cash, or other items connecting them to their grow operations in their own residence. Based on these facts, Magistrate Judge Goodstein's recommendation is reasonable and will be adopted.

The information in the affidavit supporting the search of the Mi Casa Restaurant was, as Magistrate Judge Goodstein noted, less persuasive. Although the car or vehicle was seen traveling between the restaurant and the Seymour residence where marijuana was being harvested, the magistrate judge concluded that making a delivery to the restaurant was insufficient in itself. There was other evidence linking the restaurant to Nunez-Guzman to be sure. Nunez-Guzman had told one of the confidential informants that he owned a restaurant in which he kept his "stash." In

addition, the confidential informant stated that Nunez-Guzman has pointed the restaurant out to him as they drove past it on the way to a Walmart in west Green Bay. He stated it was near a bridge. While this general description matched the Mi Casa Restaurant, it was so general and so broad as to present only a weak connection between the evidence and the restaurant sought to be searched. Nevertheless, the magistrate judge concluded that the evidence was not so lacking as to warrant a finding that the agents did not act in good faith in relying on the warrant.

I am in agreement with Magistrate Judge Goodstein that the good faith exception would apply here. I adopt his analysis and therefore on that basis deny the motion to suppress evidence seized from the Mi Casa Restaurant as well.

Nunez-Guzman has also filed an objection to the magistrate judge's recommendation concerning his motion for severance and motion for a Santiago hearing. The magistrate judge has properly addressed both issues in his recommendation and the Court hereby adopts his analysis. Accordingly, the motion for severance is denied. The denial is without prejudice, however, and in the event it appears that severance is necessary to insure a fair trial to the defendant, the motion can be renewed. Likewise, the motion for a Santiago hearing is denied for the reasons set forth in the magistrate judge's recommendation.

**SO ORDERED** this ___7th___ day of June, 2011.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge